F I L E D
United States Court of Appeals
Tenth Circuit

DEC 1 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSEPH FREDERICK DEYULIA,

Petitioner-Appellant,

v.

JOHN W. SUTHERS, Executive
Director, Colorado Department of
Corrections; FRANK LUNA, Warden;
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

Respondents-Appellees.

No. 00-1073
(D.C. No. 00-Z-40)
(D. Colo.)

---

ORDER AND JUDGMENT *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

Petitioner Joseph Frederick DeYulia appeals from the district court's denial of his habeas petition, filed pro se pursuant to 28 U.S.C. § 2254. [1] Under the provisions of the Antiterrorism and Effective Death Penalty Act, petitioner must

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

obtain a certificate of appealability (COA) before his appeal can proceed before this court. *See* 28 U.S.C. § 2253(c)(1)(A). Because the district court denied petitioner's motion for COA, petitioner must demonstrate "a substantial showing of the denial of a constitutional right" before COA can issue. *See id.* § 2253(c)(2). Petitioner also seeks leave to proceed on appeal *in forma pauperis*; that request is granted.

In his habeas application, petitioner challenged imposition of a mandatory parole period as part of his criminal sentence. He claimed the provision violated the separation of powers doctrine and double jeopardy, and, because his parole was revoked, resulted in a period of incarceration greater than the presumptive maximum for his crime. The district court rejected these issues on the merits and denied petitioner's habeas application. On appeal, petitioner argues these same issues. We construe petitioner's allegations liberally, as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Our review of petitioner's arguments and the applicable law convinces us that, for substantially the reasons set forth in the district court's order dated

January 18, 2000, petitioner has not demonstrated the denial of a constitutional right. Petitioner's motion for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Carlos F. Lucero
Circuit Judge